**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HILTON KARRIEM MINCY, | : | CIVIL ACTION NO. 1:08-CV-0066 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT EDWARD | : | |
| KLEM, et al., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

Plaintiff Hilton Karriem Mincy ("plaintiff"), a state inmate formerly housed

at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), commenced this

civil rights action on January 10, 2008, naming as defendants various Pennsylvania

Department of Corrections employees assigned to SCI-Mahanoy.  (Doc. 1.)

Presently before the court is a motion to dismiss plaintiff's complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6) filed on behalf of defendants Cynthia

Straub ("Straub"), George Clements ("Clements") and Kenneth Mumma

("Mumma").  (Doc. 9.)  For the reasons set forth below, defendants' motion will be

granted.

I.   **Allegations of the Complaint**

Plaintiff alleges that "[o]n December 29, 2005 and or December 30, 2005, [he]

testified at deposition proceedings in relation to civil suits he had pending in the

United States District Court, Middle [D]istrict of Pennsylvania."  (Doc. 1, at 8, ¶ 1.)

A few days later, on January 3, 2006, he was ordered to move from Restricted

Housing Unit ("RHU") HD Pod, cell #5 to RHU HA Pod, cell # 2.  (Id. at ¶¶ 3, 4.)

When plaintiff arrived at the new cell, the other inmate assigned to the cell was

placed in handcuffs and removed so that he could move in.  After plaintiff' was

moved in, the other inmate was allowed to return.  Immediately upon being

uncuffed, the other inmate allegedly "threw a punch at the plaintiff" in the

presence of the officer who was supervising the move.  The officer exited the cell

and walked away.  (Doc. 1, at, 8-9, ¶ 4.)  Plaintiff attempted to defend himself by

holding the other inmate's arms down.  At this point several officers returned to the

cell and were "laughing at the whole ordeal."  (Id. at 9, ¶ 5.)  Plaintiff describes the

incident as follows:

> The plaintiff was able to break away from the other inmate, and put his
> hands in the air and tried to walk towards the door, when he, the plaintiff,
> was struck again.  The officers just stood at the door laughing and saying:
> "stop", bu the incident continued, which left the plaintiff with no choice
> to defend himself.  In the process of the scuffle, the plaintiff's jumpsuit
> fell, which cased [sic] him to fall, in which the other inmate got on top of
> him and began to punch at his face, the officers still did not intervene,
> and stood at the door laughing and saying "break-it-up".  The plaitniff
> [sic] was able to get the other inmate off of him, then and only then did
> the officer's [sic] move to break-up the altercation.

(Doc. 1, at 9, ¶ 5.)  Plaintiff was given misconduct #A79302 for fighting, and

following a January 6, 2006 hearing, was found guilty.  (Doc. 1, at 10, ¶ 8.)  He

appealed to the Program Review Committee ("PRC"), which consisted of

defendants Straub, Clements and Mumma.  (Doc. 1, at 11, ¶ 13.)  The PRC upheld

the hearing examiner's finding of guilt.  Plaintiff alleges that the denial of his appeal

was "done intentionally and in accordance with S.C.I. Mahanoy and Pennsylvania

Department of Corrections policies, practices and or customs to aide and abet other

the [sic] staff that were initially involved in the misconduct and hearing process.  It

is their way of saying the officers and staff are never wrong, thus making the

misconduct processes virtually impossible for inmates to vindicate their claims

based on actual facts.  Thus making the whole process intentionally rote and

deprive of any real and substansive [sic] meaning." (Id.)

He sues each of the defendants in their official and individual capacity for

violations of his First, Fifth, Eighth and Fourteenth Amendment rights.  (Doc. 1, at

pp. 5-6, ¶¶ G, H, I.)

## II.    <u>Standard of Review</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the

dismissal of complaints that fail to state a claim upon which relief can be granted.

FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the

court must "accept as true all [factual] allegations in the complaint and all

reasonable inferences that can be drawn therefrom, and view them in the light most

favorable to the plaintiff." <u>Kanter v. Barella</u>, 489 F.3d 170, 177 (3d Cir.2007)

(quoting <u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is

generally limited in its review to the facts in the complaint, it "may also consider

matters of public record, orders, exhibits attached to the complaint and items

appearing in the record of the case." <u>Oshiver v. Levin, Fishbein, Sedran &</u>

<u>Berman</u>, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); <u>see also</u> <u>In re Burlington Coat</u>

<u>Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to "give the defendant notice of what the ... claim is and the grounds upon which it rests." Sershen v. Cholish, No. 3:07-CV-1011, 2007 WL 3146357, at *4 (M.D. Pa. Oct. 26, 2007) (quoting Erickson v. Pardus, --- U.S. ---, 127 S. Ct. 2197, 2200 (2007)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, ---, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007).  Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at ---, 127 S. Ct. at 1965).  Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

**III.** **Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a

cause of action for violations of federal law by state officials.  See 42 U.S.C. § 1983.

The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress. . . .

Id.

**A.**     **Fifth Amendment**

It is first noted that plaintiff cites the Fifth Amendment as a basis for liability.

The Fifth Amendment only applies to the actions of the federal government.  See

Pub. Utils. Comm'n of DC v. Pollak, 343 U.S. 451, 461 (1952).  Plaintiff does not

direct any allegations at the federal government.  Consequently, his Fifth

Amendment claims are dismissed.

**B.**     **Official capacity**

Plaintiff seeks monetary damages from each defendant by virtue of acts

performed in his or her official capacity as a Pennsylvania Department of

Corrections ("DOC") employee.  Under the Eleventh Amendment, states and state

agencies are immune from suit in federal court.  See Puerto Rico Aqueduct and

Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993).  "Because the

Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, see PA. STAT. ANN., tit. 71, § 61, it shares in the Commonwealth's Eleventh Amendment immunity."  See Lavia v. Pennsylvania Dep't of Corrections, 224 F.3d 190, 195 (3d Cir. 2000).  While a state may lose its immunity by Congressional abrogation or by waiver, see id., Congress did not abrogate states' sovereign immunity when it enacted 42 U.S.C. § 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989).  Moreover, the Pennsylvania legislature has expressly declined to waive its sovereign immunity by statute.  See Lavia, 224 F.3d at 195; see also 42 PA. CONS. STAT. ANN. § 8521(b).  The Eleventh Amendment prohibits a lawsuit against defendants sued in their official capacities because the state is the real party in interest inasmuch as the plaintiff seeks recovery from the state treasury.  Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990).  Plaintiff's state and constitutional claims for damages against Straub, Clements and Mumma, while acting in their official capacity, are barred by the Eleventh Amendment.

Plaintiff also seeks "injunctive relief in the form of a permanent restraining order against the defendants and the State Correctional Institution Mahanoy." (Doc. 1, at 14, ¶ 26.)  It is first noted that a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he seeks to challenge.  See Weaver v. Wilcox, 650 F.2d 22, 27 n.13 (3d Cir. 1981) (prisoner's transfer from the prison moots claims for injunctive and declaratory relief with respect to prison

conditions).  Plaintiff's claim for injunctive relief is moot because he is no longer

incarcerated at SCI-Mahanoy.

Plaintiff argues that even though he is no longer incarcerated at SCI-

Mahanoy, he is entitled to injunctive relief preventing defendants from retaliating

against him because he is requesting to be transferred back to the eastern region of

the state and SCI-Mahanoy is in that region.  He also contends that as DOC

employees, the defendants can request that he be transferred back to SCI-Mahanoy

at anytime.  Finally, he argues that if he is ever returned to SCI-Mahanoy as a

parole violator, "[s]o to ensure that there are no further acts of retaliation, the

Plaintiff seeks a permanent restraining order."  (Doc. 13-2, at 5.)  The court

recognizes that pursuant to Ex Parte Young, 209 U.S. 123 (1908), the Eleventh

Amendment does not shield state officials from suit in their official capacities where

prospective injunctive relief is sought.  Young at 159-60; Koslow v. Commonwealth

of Pa., 302 F.3d 161, 168 (3d Cir. 2002).  However, the Young exception does not

apply to speculative requests for prospective injunctive relief.  See Hindes v.

F.D.I.C., 137 F.3d 148, 166 (3d Cir. 1998) ("The type of prospective relief permitted

under Young is relief intended to prevent a continuing violation of federal law").

Because plaintiff's request for injunctive relief is purely speculative, sovereign

immunity applies.

**C.      Personal involvement**

Defendants seek dismissal of the complaint based on their lack of personal involvement in conduct amounting to a constitutional violation.  "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, , 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003).  Thus, individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct.  Rode, *supra*. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement.  Rode, 845 F.2d at 1208.

Participation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement.  See Rode, 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); Brooks v. Beard, 167 Fed. Appx. 923, 925 (3d Cir. 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct); Croom v. Wagner, 2006 WL 2619794, at *4 (E.D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); Ramos v.

8

Pennsylvania Dept. of Corrections, 2006 WL 2129148, at *2 (M.D. Pa. July 27, 2006)

(holding that the review and denial of the grievances and subsequent

administrative appeal does not establish personal involvement); Pressley v. Blaine,

No. 01-2468, 2006 U.S. Dist. LEXIS 30151, at *17 (W.D. Pa. May 17, 2006) ("[M]ere

concurrence in a prison administrative appeal process does not implicate a

constitutional concern." (citing Garfield v. Davis, 566 F. Supp. 1069, 1074 (E.D. Pa.

1983))).  Participation in the misconduct appeal process is insufficient to establish

defendants' personal involvement in the alleged underlying First, Eighth and

Fourteenth Amendment constitutional violations.

### D.    Conspiracy

Plaintiff also alleges that in considering his misconduct appeal, defendants

abused their discretion "with the intentions of aiding and abetting and/or

conspiring to conceal and suppress the illegal, inappropriate and retaliatory acts of

her co-workers and friends. . . ."  (Doc. 1, at 5.)  Defendants seek dismissal of the

conspiracy claim on the grounds that plaintiff' has failed to sufficiently plead their

personal involvement in a conspiracy.  The court agrees.  In order to set forth a

cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory

allegations.  D.R. by L.R. v. Middle Bucks Area VocationalTechnical Sch., 972 F.2d

1364, 1377 (3d Cir. 1992); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v.

Dempsey, 869 F.2d 543, 545 (10th Cir. 1989).  The Third Circuit has noted that a civil

rights conspiracy claim is sufficiently alleged if the complaint details the following:

(1) the conduct that violated the plaintiff's rights, (2) the time and the place of the

conduct, and (3) the identity of the officials responsible for the conduct.  Oatess v.

Sobolevitch, 914 F.2d 428, 432 n.8 (3d Cir. 1990).  See also, Colburn v. Upper Darby

Twp., 838 F.2d 663 (3d Cir. 1988).

The essence of a conspiracy is an agreement or concerted action between

individuals.  See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545.  A plaintiff

must therefore allege with particularity and present material facts which show that

the purported conspirators reached some understanding or agreement or plotted,

planned and conspired together to deprive plaintiff of a protected federal right.  See

id.; Rose, 871 F.2d at 366.  Where a civil rights conspiracy is alleged, there must be

specific facts in the complaint which tend to show a meeting of the minds and some

type of concerted activity.  Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985).  A

plaintiff cannot rely on subjective suspicions and unsupported speculation.  Young,

926 F.2d at 1405 n.16.

Viewing the complaint in the light most favorable to plaintiff, he has

nevertheless failed to state a viable conspiracy claim against defendants.  He

alleges, in conclusory fashion, that defendants' decision to deny his misconduct

appeal amounted to a conspiracy to retaliate against him for exercising his First

Amendment rights and an agreement to cover-up co-workers' unlawful conduct.

The complaint is devoid of specific facts which tend to show a meeting of the minds

and some concerted activity.  Plaintiff relies on subjective suspicions and

unsupported speculation, which is insufficient to state a conspiracy claim.  The

conspiracy claims are subject to dismissal.

10

### E.     State Law Claims

Plaintiff also includes in his complaint unspecified state law claims against defendants in their individual capacities.  The court declines to exercise supplemental jurisdiction over the pendent state law claims.  28 U.S.C. § 1367(c)(3).  They will be dismissed without prejudice to any right plaintiff may have to pursue them in state court.  In so holding, the court expresses no opinion as to the merits of any such claims.

## IV.    <u>Conclusion</u>

Based on the foregoing, defendants' motion to dismiss (Doc. 9) will be granted in its entirety.

An appropriate order will issue.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:       February 9, 2009

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HILTON KARRIEM MINCY,** | : | **CIVIL ACTION NO. 1:08-CV-0066** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT EDWARD** | : | |
| **KLEM, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

_____AND NOW, this 9th day of February, 2009, upon consideration of defendants'

motion to dismiss (Doc. 9), and for the reasons set forth in the foregoing

memorandum, it is hereby ORDERED that:

1.    Defendants' motion to dismiss (Doc. 9) is GRANTED in its entirety.

2.    The Clerk of Court is directed to NOTE on the docket sheet that
defendants Straub, Clements and Mumma are terminated as
defendants.

3.     In accordance with the prior order of court (Doc. 11) the remaining
defendants shall submit an answer to the complaint within ten days of
the date of this order.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge