# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HILTON KARRIEM MINCY,** | : | CIVIL ACTION NO. 1:08-CV-0066 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **SUPERINTENDENT EDWARD KLEM, et al.,** | : | |
| Defendants | : | |

## ORDER

AND NOW, this 16th day of July, 2009, upon consideration of plaintiff's motion for partial reconsideration[1] (Doc. 16) of this court's memorandum and order of February 23, 2009 (Doc. 15), granting the motion to dismiss filed on behalf of defendants Straub, Clements, and Mumma, and it appearing that plaintiff fails to set forth any of the grounds that would warrant reconsideration, North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (citations omitted) ("A proper motion to alter or amend judgment must rely on one of three major grounds: '(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice.'"), and merely reargues the court's conclusion

---

[1] Plaintiff contends that this court "erred in it's [sic] interpretation and dismissal of claims against Defendants Straub, Mumma, and Clements, where this court erroneously construed and concluded that Defendants had just simply participated in the misconduct process and were not personally involved; and erred in concluding that the Plaintiff had failed to state a conspiracy claim, stating that the Plaintiff merely relies 'on subjective suspicions and unsupported speculation. . . .'" (Doc. 20, at 3, ¶¶ 4, 5.) He agrees with the memorandum and order in all other respects. (Id. at ¶¶ 1-3.)

regarding the claim of conspiracy,[2] and defendants' personal involvement in the alleged underlying constitutional violations,[3] see Waye v. First Citizen's Nat'l Bank,

---

[2]The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for the alleged claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original and internal citations omitted). The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), or legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556. Legal conclusions without factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, --- U.S. ---, ---, 129 S. Ct. 1937, 1949–50 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8). The conspiracy claim was disposed of as follows:

> Viewing the complaint in the light most favorable to plaintiff, he has nevertheless failed to state a viable conspiracy claim against defendants. He alleges, in conclusory fashion, that defendants' decision to deny his misconduct appeal amounted to a conspiracy to retaliate against him for exercising his First Amendment rights and an agreement to cover-up co-workers' unlawful conduct. The complaint is devoid of specific facts which tend to show a meeting of the minds and some concerted activity. Plaintiff relies on subjective suspicions and unsupported speculation, which is insufficient to state a conspiracy claim. The conspiracy claims are subject to dismissal.

(Doc. 15, at 10.)

[3]The following was concluded with respect to defendants' personal involvement:

> Participation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement. See Rode, 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); Brooks v. Beard, 167 Fed. Appx. 923, 925 (3d Cir. 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not

2

846 F. Supp. 310, 314 (M.D. Pa.) ("A motion for reconsideration is not to be used to reargue matters already argued and disposed of."), aff'd, 31 F.3d 1174 (3d Cir. 1994); see also Database America, Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"), and it further appearing that plaintiff is not entitled to relief pursuant to Federal Rule of Civil Procedure Rule 60(b) ("Relief from Judgment or Order"), because the Rule 60(b) finality requirement, which allows a party to seek relief only from a "final judgment, order, or proceeding,"[4] is

---

> establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct); Croom v. Wagner, 2006 WL 2619794, at *4 (E.D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); Ramos v. Pennsylvania Dept. of Corrections, 2006 WL 2129148, at *2 (M.D. Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent administrative appeal does not establish personal involvement); Pressley v. Blaine, No. 01-2468, 2006 U.S. Dist. LEXIS 30151, at *17 (W.D. Pa. May 17, 2006) ("[M]ere concurrence in a prison administrative appeal process does not implicate a constitutional concern." (citing Garfield v. Davis, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983))). Participation in the misconduct appeal process is insufficient to establish defendants' personal involvement in the alleged underlying First, Eighth and Fourteenth Amendment constitutional violations.

(Doc. 15, at 8-9.) In the motion for reconsideration, plaintiff concedes that defendants' knowledge of any alleged underlying constitutional violation was obtained "after the fact." (Doc. 18, at 3)

[4]A final decision is "one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Selkridge v. United of

not satisfied as claims are still proceeding against a number of defendants, it is hereby ORDERED that plaintiff's motion for reconsideration (Doc. 16) is DENIED.

        <u>S/ Christopher C. Conner</u>
        CHRISTOPHER C. CONNER
        United States District Judge

---

Omaha Life Ins. Co., 360 F.3d 155 (3d Cir. 2004) (citations omitted). Thus, "there is no final order if claims remain unresolved and their resolution is to occur in the district court." Aluminum Co. of Am. v. Beazer East, Inc., 124 F.3d 551, 557 (3d Cir. 1997). "[A] district court decision dismissing some, but not all, of the claims before the court is not a 'final' order that can be appealed." N.Y. Football Giants, Inc. v. C.I.R., 349 F.3d 102, 106 (3d Cir. 2003).