# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HILTON KARRIEM MINCY,** | : | CIVIL ACTION NO. 1:08-CV-0066 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **SUPERINTENDENT EDWARD KLEM, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 8th day of July, 2011, upon consideration of plaintiff's motion for reconsideration (Doc. 76) of this Court's Memorandum and Order (Doc. 74) denying plaintiff's motion for summary judgment and granting defendants' motion for summary judgment, and upon further consideration of plaintiff's motions to amend /correct (Docs. 78, 87) the motion for reconsideration, and it appearing that plaintiff fails to demonstrate one of the three major grounds for reconsideration, "(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously][1]; [or], (3) the need to correct clear error [of law] or prevent

---

[1] In furtherance of his retaliation claim, plaintiff argues that "on May 12, 2011" he learned of new facts which would establish that there was a causal connection between the exercise of his constitutional rights (participating in a deposition in pursuit of a pending federal civil action)and the adverse action(movement from one RHU pod and cell to another). (Doc. 88, at 2.) However, the "new evidence" upon which he relies, a policy addressing record keeping in "D-Security Operations", was effective on September 1, 2000. There is nothing to indicate that this policy was not available to plaintiff during the entire course of this litigation. Further, even if the Court was to find credence in his argument, the claim would still fail. Significantly, the retaliation claim failed in the first instance because it was determined movement from one RHU pod and cell to another was insufficient to constitute adverse action and the causal connection discussion was included to be thorough.

manifest injustice[2]," North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (citations omitted), but, primarily seeks to reargue matters already argued and disposed of because he disagrees with the Court's determination, see Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa.) ("A motion for reconsideration is not to be used to reargue matters already argued and disposed of."), aff'd, 31 F.3d 1174 (3d Cir. 1994); see also Database America, Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D. N.J. 1993) (citations omitted) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"), and the court recognizing that "[b]ecause federal courts have a strong interest in the finality of judgments, motions for

---

His argument that he can now establish a causal connection does not remedy the fact that plaintiff is unable to overcome the adverse action hurdle.

[2]Plaintiff contends that the Court failed to address a number of his claims. He first argues that there was no ruling on the facts or law relating to the conspiracy claim against defendants Klem and Kane. He is mistaken. This claim is addressed in the Memorandum. (Doc. 74, at 11-12.) Next, he suggests that the Court failed to rule on his "constitutional tort" claim. Title 42 U.S.C. § 1983 provides a cause of action against state actors who commit constitutional torts. In his brief in support of his motion for summary judgment, under the "Constitutional Tort Claim" heading, he makes reference to his retaliation claim. (Doc. 53, at 8.) This claim was also thoroughly addressed by the Court. (Doc. 74, at 12-16.) Lastly, he states that the court failed to rule on the claim that defendants Wetzel, Miknich, Latham and Gilligan conspired to retaliate against him and punish him. Because the retaliation claim had no merit these defendants could not have conspired to retaliate and punish him. No further discussion was warranted.

reconsideration should be granted sparingly," Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D.Pa. 1995). it is hereby ORDERED that:

1. The motions to amend/correct the motion for reconsideration (Docs. 78, 87) are GRANTED to the extent that the arguments raised therein have been considered by the Court.

2. The motion for reconsideration (Doc. 76), as amended/corrected by the motions to amend/correct (Docs. 78, 87) is DENIED.

3. Plaintiff's motion for extension of time fo file a reply brief is GRANTED.  Plaintiff's reply brief (Doc. 85) is DEEMED acceptable for filing and has been considered by the Court in addressing plaintiff's motion for reconsideration.

      S/ Christopher C. Conner
     CHRISTOPHER C. CONNER
     United States District Judge